**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

LISA R. MURPHY     PLAINTIFF
ADC # 760343

v.     1:15CV00104-KGB-JJV

BLEDSO, Director of Nursing,
McPherson Unit, *et al.*     DEFENDANTS

## ORDER

Plaintiff filed this action without paying the statutory filing fee or filing an Application to Proceed Without Prepayment of Fees and Affidavit ("Application"). After review of her litigative history, the Court will not direct that an Application be sent to Plaintiff.

The Prison Litigation Reform Act ("PLRA") of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). In relevant part it provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court has determined that Plaintiff is a "three-striker" within the meaning of the PLRA.[1]

She may still proceed *in forma pauperis,* however, if she is under imminent danger of serious physical injury. The United States Court of Appeals for the Eighth Circuit has explained that this

---

[1] Plaintiff has had three cases dismissed for failure to state a claim. *See Murphy v. Faust*, 1:14cv00127-JM; *Murphy v. Kelly*, 1:915cv00044-JM; *Murphy v. Hot Springs County*, 6:11cv06049-RTD.

exception applies only if a threat of imminent danger exists at the time of the filing of the complaint. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. *Martin*, 319 F.3d at 1050.

Here, Plaintiff named ten defendants, but has not explained her allegations against any of them. (Doc. No. 1.) Instead, she directs the reader's attention to an attached document that does not exist. (*Id*. at 5.) Absent clear indication that Plaintiff is in imminent danger of serious physical harm, I conclude that she is not eligible to proceed *in forma pauperis*.

IT IS THEREFORE ORDERED THAT Plaintiff must submit the statutory filing fee of $400.00 to the Clerk, noting the above case style and number within fourteen (14) days of the date of this Order if she wishes to proceed with this action. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

So Ordered this 28th day of September, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE